[No. C053411. Third Dist. Oct. 30, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
TIFFANY ANDRA, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of parts *II.* and *III.* of the Discussion.

## Counsel

Michael B. McPartland, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Stanley Cross and John G. McLean, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

DAVIS, J.—A jury convicted defendant Tiffany Andra of five counts of identity theft (Pen. Code, § 530.5, subd. (a); hereafter, undesignated section references are to the Penal Code),[1] two counts of second degree commercial burglary (§ 459), two counts of forgery (§ 470, subd. (d)), three counts of

---

[1] Throughout the record, one of the counts of identity theft (count 17) is listed as a violation of section 530.5, subdivision (d). The court notes and the parties agree, "the allegations under [count 17], the jury instructions, and the jury verdict indicate that this was a typographical error and that this was an identity theft charge." Accordingly, with regard to count 17, the information, jury instructions and jury verdict should have referred to section 530.5, subdivision (a), and not subdivision (d). It is too late to correct the entire record; however, we will order the trial court to amend the abstract of judgment accordingly.

receiving stolen property (§ 496, subd. (a)), one count of making false statements (§ 532, subd. (a)), two counts of vehicle theft (Veh. Code, § 10851 [with Pen. Code, § 666.5, subd. (a), prior vehicle theft]), two counts of possession of a stolen vehicle (§ 496d, subd. (a) [with § 666.5, subd. (a), prior possession of a stolen vehicle]), one count of resisting arrest (§ 148, subd. (a)(1)), one count of passing forged material (§ 475, subd. (c)), and two counts of possession of a forged driver's license (§ 470b).

Defendant was sentenced to an aggregate term of 15 years eight months in state prison, comprised of the upper term of four years for the principal count and one-third the middle term for the remaining convictions. The trial court revoked defendant's probation in three prior cases, "deleted" her from drug court, and imposed a previously stayed sentence of 365 days in county jail. The trial court also imposed two additional consecutive eight-month terms in state prison for violating probation, one of which was subsequently stricken.

We affirm the judgment. In the published part of the opinion, we conclude that defendant was not unlawfully sentenced in violation of section 654's prohibition against multiple punishments for the same offense. In the nonpublished part of the opinion, we conclude there was no error in sentencing her to the upper term on the principal count and that she was not entitled to additional conduct credits. In our disposition, we will direct the trial court to correct a clerical error in the abstract of judgment.

## I. Section 654 Claim

Defendant contends that in sentencing her to consecutive terms on counts 13 and 17, and counts 11 and 12, the trial court violated section 654's prohibition against multiple punishments for the same offense.

"Under section 654, 'a course of conduct divisible in time, although directed to one objective, may give rise to multiple violations and punishment. [Citations.]' [Citations.] This is particularly so where the offenses are temporally separated in such a way as to afford the defendant opportunity to reflect and to renew his or her intent before committing the next one, thereby aggravating the violation of public security or policy already undertaken. [Citation.]" (*People v. Gaio* (2000) 81 Cal.App.4th 919, 935 [97 Cal.Rptr.2d 392] (*Gaio*).)

The defendant's intent and objective present factual questions for the trial court, and its findings will be upheld if supported by substantial evidence. (*People v. Monarrez* (1998) 66 Cal.App.4th 710, 713 [78 Cal.Rptr.2d 247].) "We review the court's determination of [a defendant's] 'separate intents' for sufficient evidence in a light most favorable to the judgment, and presume in

support of the court's conclusion the existence of every fact the trier of fact could reasonably deduce from the evidence. [Citation.]" (*People v. Cleveland* (2001) 87 Cal.App.4th 263, 271 [104 Cal.Rptr.2d 641].)

With regard to counts 13 and 17, defendant contends: "[Her] intent and objective [were] to obtain the Lincoln Navigator from Budget in order to drive it from one place to another. She obtained possession of the Navigator by misrepresenting herself to be Brenda Baker, and then drove this vehicle pursuant to this single intent and objective. Thus, both offenses were a means of accomplishing a single intent and objective . . . ." Defendant's argument is unavailing.

On December 23, 2005, defendant opened a Citibank credit card account over the Internet using the name Brenda Baker. Two weeks later, on January 6, 2006, defendant used that credit card to rent a Lincoln Navigator from Budget Rent-A-Car in Reno, Nevada. Defendant never returned the vehicle, which was to be returned on January 8, 2006, pursuant to the rental agreement. Nearly a month later, on January 24, police officers saw defendant driving the vehicle in Sacramento. When the officers approached defendant and identified themselves, defendant quickly drove away. She abandoned the vehicle behind a hair salon where it was found by the police officers.

Defendant was subsequently charged in count 13 with vehicle theft. She was charged in count 17 with identity theft. The court stayed sentences under section 654 on several of defendant's convictions. The court's decision not to stay the sentence on count 17 is an implicit finding that these crimes were committed with "separate intent." On this record, it was not only "reasonable" for the court to so find, it would have been unreasonable for the court to find otherwise.

▪ Here, defendant committed the crime for which she was charged in count 17 on December 23 when she used the personal information of Brenda Baker to obtain a credit card over the Internet. She did not commit the crime for which she was convicted in count 13 until more than two weeks later when she failed to return the Lincoln Navigator to Budget Rent-A-Car. The weeks between the commission of these crimes afforded defendant ample opportunity to reflect and then renew her intent before committing the next crime. (*Gaio, supra,* 81 Cal.App.4th at p. 935.) Moreover, these crimes, committed more than two weeks apart, had two different victims: Ms. Baker and Budget Rent-A-Car. Accordingly, no plausible argument can be made that defendant's sentence on either count should be stayed under section 654.

Defendant's argument on counts 11 and 12 fails for the same reasons. On January 13, 2006, defendant used Ms. Baker's information again, this time to

open checking and savings accounts at the U.S. Bank in Pollock Pines. Over the next several weeks, defendant deposited fraudulent and stolen checks into the accounts, then withdrew money from the accounts.

Defendant was charged in count 11 with obtaining money by false pretenses. She was charged in count 12 with identity theft.

Defendant contends: "[Her] intent and objective [were] to use the bank accounts to obtain money from U.S. Bank by fraud. [Defendant] opened the bank accounts, deposited forged checks, and withdrew funds from those accounts pursuant to this single intent and objective." Accordingly, she posits, her sentence on either count 11 or 12 must be stayed under section 654. Defendant is wrong.

Again, defendant committed these crimes weeks apart. She committed the crime for which she was charged in count 12 when she used Ms. Baker's personal information to open the bank accounts. She committed the crime for which she was charged in count 11 every time she deposited fraudulent and stolen checks into the bank and withdrew funds. Given the temporal separation between these crimes, defendant had substantial opportunity to "reflect" on her conduct and then "renew" her intent to commit yet another crime. (*Gaio, supra*, 81 Cal.App.4th at p. 935.) She chose, repeatedly, to continue on in her crime spree.

Additionally, as with the charges of vehicle and identity theft in counts 13 and 17, defendant had more than one victim in counts 11 and 12: Ms. Baker and U.S. Bank. The trial court correctly refused to stay defendant's sentence under section 654 on counts 11, 12, and 17.

## *II., III.*[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment is affirmed. The trial court is directed to amend the abstract of judgment to reflect that the conviction in count 17 is for section 530.5,

---

[*]See footnote, *ante*, page 638.

subdivision (a), not section 530.5, subdivision (d), and is further directed to send a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.

Scotland, P. J., and Cantil-Sakauye, J., concurred.

A petition for a rehearing was denied November 20, 2007, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied January 16, 2008, S158665.