Filed 10/8/14  P. v. Fuentes CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOSE FUENTES,<br><br>    Defendant and Appellant. | G048719<br><br>(Super. Ct. No. 10ZF0093)<br><br>O P I N I O N |

        Appeal from a judgment of the Superior Court of Orange County, Thomas M. Goethals, Judge.  Affirmed as modified.

        Arthur B. Martin, under appointment by the Court of Appeal, for Defendant and Appellant.

        Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Joy Utomi, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

INTRODUCTION

Defendant Jose Fuentes was convicted of murder, robbery, and burglary. Defendant does not challenge his convictions on appeal. Rather, he argues (1) his sentences for committing robbery and burglary should have been stayed, pursuant to Penal Code section 654, because he had a single objective in committing all three crimes, and (2) the parole revocation restitution fine imposed pursuant to Penal Code section 1202.45 must be stricken. The Attorney General concedes the correctness of defendant's argument on both issues. We agree and direct the trial court to amend the abstract of judgment to reflect the correct sentence, and to strike the parole revocation restitution fine. We affirm the judgment as so modified.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

The victim's body was discovered in his studio apartment on June 6, 2010. The victim had died as a result of severe blunt head trauma.

The next day, defendant was arrested after a routine traffic stop, during which a replica handgun and a small amount of methamphetamine were discovered on defendant. Defendant was driving the victim's car. During an interrogation, defendant admitted he owed money to a methamphetamine dealer. Defendant also admitted he had gone to the victim's apartment several nights earlier with the dealer, with the intention of killing the victim and stealing his things. Defendant further admitted he had used a decorative rock sculpture to hit the victim in the head about four times. Defendant then took the victim's television set, DVD player, cell phones, money, and credit cards, placed the items in the victim's car, and took them to a motel room he had rented.

The clerk at a nearby motel testified that a room had been rented to defendant on June 5, 2010. When defendant did not rent the room for any additional nights, property was removed from the room, including a large television set.

2

DNA evidence was recovered from under the victim's fingernails and from a cigarette butt found in the victim's apartment.  Defendant could not be excluded as the source of the DNA.  Only one in four million people could be the source of the DNA under the victim's fingernails; only one in one trillion people could be the source of the DNA on the cigarette butt.

Defendant was charged in an indictment with murder (count 1) (Pen. Code, § 187, subd. (a)), first degree robbery (count 2) (Pen. Code, §§ 211, 212.5), and first degree burglary (count 3) (Pen. Code, §§ 459, 460, subd. (a)).  The indictment alleged the murder was committed with the special circumstances of lying in wait, during the commission of a robbery, and during the commission of a burglary.  (Pen. Code, § 190.2, subd. (a)(15), (17)(A) & (G).)  A jury convicted defendant of all three counts, and found all three special circumstances allegations to be true.

The trial court sentenced defendant to life without the possibility of parole on count 1, a concurrent term of four years on count 2, and a concurrent term of four years on count 3.  The abstract of judgment provides that defendant is subject to a parole revocation restitution fine of $240.

Defendant filed a timely notice of appeal.

DISCUSSION

I.

*PENAL CODE SECTION 654*

Defendant argues, and the Attorney General agrees, that the sentences on counts 2 and 3 should have been stayed, pursuant to Penal Code section 654.  The three crimes of which defendant was convicted—murder, robbery, and burglary—were committed with the single objective of stealing the victim's property.  Defendant may only be punished once because "all of the crimes were merely incidental to, or were the means of accomplishing or facilitating one objective."  (*People v. Perry* (2007) 154

3

Cal.App.4th 1521, 1525.) Further, the crimes were not temporally separated, which would have given defendant the opportunity to reflect on his actions and form an intent to continue his criminal course of conduct. (*People v. Andra* (2007) 156 Cal.App.4th 638, 640.) Because defendant had the same objective during the commission of the three crimes, and the crimes were not temporally separated, the concurrent sentences imposed on counts 2 and 3 must be stayed.

## II.

### *PAROLE REVOCATION RESTITUTION FINE, PENAL CODE SECTION 1202.45*

The abstract of judgment imposes a parole revocation restitution fine of $240, pursuant to Penal Code section 1202.45. A parole revocation restitution fine, however, may not be imposed when the defendant's sentence does not allow for a period of parole. (*People v. Brasure* (2008) 42 Cal.4th 1037, 1075; *People v. Oganesyan* (1999) 70 Cal.App.4th 1178, 1181-1186.)

In this case, defendant was sentenced to a term of life without the possibility of parole on count 1. As explained *ante*, defendant's determinate terms on counts 2 and 3 must be stayed. Therefore, a Penal Code section 1202.45 fine is inapplicable, and must be stricken from the abstract of judgment. The Attorney General concedes that the fine must be stricken.

### DISPOSITION

We direct the trial court to prepare an amended abstract of judgment reflecting the sentences on counts 2 and 3 are stayed, pursuant to Penal Code section 654, and omitting the parole revocation restitution fine under Penal Code section 1202.45. We further direct the trial court to forward a certified copy of the amended abstract of

4

judgment to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.


                                        FYBEL, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.