Filed 2/11/15  P. v. Pecora CA2/6

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH LOUIS PECORA,<br><br>    Defendant and Appellant. | 2d Crim. No. B251974<br>(Super. Ct. No. 2010021199)<br>(Ventura County)<br>ORDER MODIFYING OPINION<br>[No Change in Judgment} |

THE COURT:

`       It is ordered that the opinion filed herein on January 27, 2014, be modified as follows:

On page 2 delete the last sentence of the first full paragraph after the title *Facts* beginning with the word "Appellant" and ending with the word "money."

The sentence being deleted reads:  Appellant does not dispute that he committed the forgeries or that he stole Vargas' money.

No change in judgment.

NOT FOR PUBLICATION

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH LOUIS PECORA,<br><br>    Defendant and Appellant. | 2d Crim. No. B251974<br>(Super. Ct. No. 2010021199)<br>(Ventura County) |

Joseph Louis Pecora appeals his conviction, by jury, of two counts of grand theft (Pen. Code, § 487, subd. (a))[1], one count of forgery (§ 470, subd. (a)), and five counts of failure to file tax returns.  (Rev. & Tax. Code, § 19706.)  The trial court sentenced appellant to a total term in state prison of nine years, eight months.  In addition, the trial court ordered appellant to pay restitution of $792,443 to his victim and $182,414.70 to the Franchise Tax Board.  Appellant contends he received ineffective assistance of counsel at sentencing because his counsel failed to object that the amount of restitution ordered was not supported by substantial evidence. Appellant further contends *People v. Bailey* (1961) 55 Cal.2d 514 (*Bailey*) requires that one of the grand theft convictions be reversed because the thefts were committed by the same method, during the same period of time, against the same victim and with

---

[1] All statutory references are to the Penal Code unless otherwise stated.

1

the same intent. Appellant contends section 654 bars the terms imposed for one of his grand theft convictions and for his forgery conviction, and that enhancements imposed for excessive takings are not authorized. Finally, appellant contends the trial court's finding that he had the ability to pay for the cost of the presentence investigation was not supported by substantial evidence.

We will order the judgment modified with respect to count 1, to impose a consecutive, two-year enhancement term under section 186.11, subdivision (a)(3), and to impose and stay a consecutive two-year enhancement term under section 12022.6, subdivision (a)(2). All of the remaining enhancement terms under section 186.11 subdivision (a)(3) and section 12022.6, subdivision (a) on counts 1 through 3 are stayed. As so modified, the judgment is affirmed.

*Facts*

Between 2003 and 2008, appellant worked for Fernando Vargas, a professional boxer, as the manager of Vargas' cell phone store and as one of Vargas' boxing managers. During that period, appellant forged Vargas' signature on more than 100 checks. In addition, appellant misappropriated about 30 other checks that had actually been signed by Vargas but were intended for a different payee. Appellant does not dispute that he committed the forgeries or that he stole Vargas' money.

Vargas testified that his closely held corporation, Ferocious, Inc., opened a cell phone store in Oxnard in 2003. Appellant managed the store and was paid a semimonthly salary of $3,750. The store was never profitable. Vargas closed it in 2007. After the store closed, Vargas did not pay appellant a salary. He did, however, pay appellant bonuses after his professional fights and he frequently paid for appellant's food, travel and clothing.

Vargas testified that he was the only person authorized to sign checks for Ferocious, Inc., including payroll checks for the cell phone store. At trial, Vargas looked through a series of checks that were issued to appellant by Ferocious, Inc., identifying those on which his signature had been forged. Vargas also identified a

2

series of checks that bore his authentic signature, but were intended for a different payee. Many of the checks were payable in the amount of $3,750, the same amount as appellant's semimonthly salary. Some of those checks had been authorized by Vargas, but many of them were forged. ~(2 RT 243-247, 250-255)~ Vargas identified more than 20 checks that were issued to appellant in the amount of $3,750 between 2006 and 2007. All of these checks were forged. ~(2 RT 251-255)~

*Discussion*

The trial court ordered appellant to pay Vargas restitution of $792,443. Appellant contends the amount of restitution is not supported by substantial evidence and that his trial counsel was ineffective for failing to object to the restitution order. To prevail on an ineffective assistance of counsel claim, appellant must demonstrate that counsel's performance was inadequate and that he was prejudiced as a result because there is "a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different." (*People v. Hung Thanh Mai* (2013) 57 Cal.4th 986, 1009.) We are not persuaded that appellant was prejudiced by his counsel's not objecting to the restitution order. Because the amount of the restitution order is supported by substantial evidence, there is no reasonable probability an objection on this basis would have resulted in a more favorable order.

We review the trial court's restitution order for abuse of discretion and will affirm it if there is a factual and rational basis for the amount of restitution ordered. (*People v. Sy* (2014) 223 Cal.App.4th 44, 63.) In determining whether there is a factual and rational basis for the amount of restitution ordered, we do not reweigh or reinterpret the evidence. " '[T]he court's discretion in setting the amount of restitution is broad, and it may use any rational method of fixing the amount of restitution as long as it is reasonably calculated to make the victim whole. [Citations.]' [Citations.] 'There is no requirement the restitution order be limited to the exact amount of the loss in which the defendant is actually found culpable, nor is there any requirement the order reflect the amount of damages that might be recoverable in a

3

civil action.' . . . "  (*People v. Millard* (2009) 175 Cal.App.4th 7, 26-27.)"  (*People v. Sy, supra,* 223 Cal.App.4th at p. 63.)

Many of the checks issued to appellant were in the amount of his semimonthly salary.  Appellant contends these checks, even the ones with a forged signature, represented payment of his salary and should not have been included in the amount of restitution ordered.  There was evidence, however, that appellant forged Vargas' signature on $210,000 worth of checks written in the same amount as his salary.  Vargas also testified that no one, other than himself, had permission to sign checks on behalf of Ferocious, Inc. The trial court could rationally infer from this testimony that appellant was not authorized to forge Vargas' signature on the checks, even if the checks were written for same amount as his salary.  Defense counsel was not ineffective because he did not object on this basis because the objection would have been properly overruled.  (*People v. Bradley* (2012) 208 Cal.App. 4th 64, 90.)

*The Bailey Doctrine*

The jury convicted appellant of two counts of grand theft.  Appellant contends one of these counts must be reversed under *Bailey*.  The defendant in *Bailey* was convicted of grand theft after she received a series of fraudulent welfare payments.  Each individual payment was a petty theft, but the total amount was sufficient to constitute grand theft.  The *Bailey* court held there was only one theft. "The test applied in these cases in determining if there were separate offenses or one offense is whether the evidence discloses one general intent or separate and distinct intents . . . .  [¶] Whether a series of wrongful acts constitutes a single offense or multiple offenses depends upon the facts of each case, and a defendant may be properly convicted upon separate counts charging grand theft from the same person if the evidence shows that the offenses are separate and distinct and were not committed pursuant to one intention, one general impulse, and one plan."  (*People v. Bailey, supra,* 55 Cal.2d at p. 519.)  Subsequent Court of Appeal decisions interpreted *Bailey* to prohibit multiple convictions for grand theft when individual thefts are committed

4

against a single victim with one intent, general impulse and plan.[2] (See, e.g., *People v. Jaska* (2011) 194 Cal.App.4th 971, 981; *People v. Tabb* (2009) 170 Cal.App.4th 1142, 1148-1149.)

In *Jaska* the defendant was convicted of five counts of grand theft after she stole almost $500,000 from her employer. The court of appeal held *Bailey* did not prohibit the multiple convictions because "there was no evidence . . . that [the defendant] acted pursuant to a plan or scheme to steal a defined set of [her employer's] assets. Rather, the evidence suggests that [the defendant] stole various sums of money in an opportunistic manner, essentially whenever the need and/or occasion arose." (*People v. Jaska, supra,* 194 Cal.App. 4th at p. 985.) The defendant in *Jaska* also "committed numerous fraudulent acts over a four-year period[,]" and she "employed a variety of distinct methods," to steal from her employer. (*Id.*) Because the defendant did not accomplish her thefts using the same conduct and in the same manner, "although on multiple occasions[,]" the thefts could be punished separately. (*Id.*)

*Bailey* does not bar appellant's two convictions of grand theft for the same reasons. Appellant used two distinct methods to steal Vargas' money: he forged Vargas' signature on some checks and he misappropriated checks that had been signed by Vargas for some other purpose. The thefts occurred on more than one hundred separate occasions over a five-year period. They did not follow a schedule, but appear to have occurred at random times and in random amounts, "whenever the need and/or occasion arose." (*People v. Jaska, supra,* 194 Cal.App.4th at p. 985.) Appellant was properly convicted of two separate grand thefts.

---

[2] In *People v. Whitmer* (2014) 59 Cal.4th 733, our Supreme Court rejected this interpretation of *Bailey,* and held, "a defendant may be convicted of multiple counts of grand theft based on separate and distinct acts of theft, even if committed pursuant to a single overarching scheme." (*Id.* at p. 741.) Our Supreme Court further concluded its holding could not be applied retroactively because it was "an unforeseeable judicial enlargement of criminal liability for multiple grand thefts." (*Id.* at p. 742.) Because appellant also committed his crimes before the decision in *Whitmer*, we cannot apply its holding in the instant case.

5

*Section 654*

Appellant contends section 654 bars the separate prison terms imposed for each of his two grand theft convictions. We disagree. Section 654 prohibits multiple punishment for a single criminal act or omission. "Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent and objective of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one." (*Neal v. State of California* (1960) 55 Cal.2d 11, 19.)[3]

Here, appellant was convicted of two grand thefts and was punished separately for each theft. These offenses were separate acts. The thefts were committed on different dates, at random intervals, over a five-year period. Because the thefts were separated in time, appellant had the opportunity, after each taking, to "reflect and then renew [his] intent before committing the next crime." (*People v. Andra* (2007) 156 Cal.App.4th 638, 641.) Each taking also inflicted a separate and distinct harm on the victim. (*People v. Gangemi* (1993) 13 Cal.App.4th 1790, 1801.) Finally, the thefts were both quantitatively and qualitatively different. Appellant stole money in varying amounts and he used two distinct methods to accomplish the thefts – forgery and misappropriation. Under these circumstances, the trial court correctly concluded that appellant committed separate thefts. Section 654 did not bar separate punishments for counts of grand theft of which appellant was convicted.

---

[3] Had appellant committed his crimes after 2012, the separate terms imposed for his two convictions of grand theft would plainly be appropriate. Our Supreme Court held in *People v. Correa* (2012) 54 Cal.4th 331, that "section 654 does not bar multiple punishment for multiple violations of the same criminal statute. " (*Id.* at p. 334.) Because this holding was a departure from established law, our Supreme Court further held that it could "apply the new rule prospectively only." (*Id.* at p. 344.) Appellant committed each of his offenses before *Correa* was decided. Consequently, we may not apply *Correa* here.

Appellant further contends section 654 barred separate punishment for the grand theft committed by forgery, as alleged in count 1, and the forgery itself, as alleged in count 3. We disagree for the reasons we have already explained. Grand theft and forgery are separate offenses. Grand theft requires the taking of property worth more than $950. (§ 487, subd. (a).) Forgery occurs when a person, with intent to defraud and knowledge that he or she lacks authority to do so, signs the name of another person on a designated item, such as a check. (§ 470, subd. (a).) Appellant's forgeries occurred when he signed Vargas' name on the checks. The grand thefts were complete when he negotiated those checks. These events occurred at different times and places. After he signed each check, appellant had the opportunity to reflect on, and to renew his criminal intent, before he presented the check for payment and actually obtained Vargas' money. The trial court properly concluded these were separate criminal acts, subject to separate punishments.

*Sentence Enhancements*

With respect to counts 1, 2 and 3, the jury found true enhancement allegations that appellant took property valued at more than $65,000 (§12022.6, subd. (a)(1)), and took property valued at more than $200,000 (§ 12022.6, subd. (a)(2).) The jury further found that the offenses charged in these counts involved a pattern of related felony conduct that involved the taking of more than $100,000. (§ 186.11, subd. (a)(3).) The trial court imposed a consecutive term of two years on count 1 for the section 12022.6, subdivision (a)(2) enhancement. It then imposed concurrent enhancement terms of one year for the section 12022.6, subdivision (a)(1) enhancement and for the section 186.11, subdivision (a)(3) enhancement. On counts two and three, the trial court imposed an enhancement term of one year for each of the three enhancements, and ordered all of those terms to run concurrently with the sentence on count 1. Appellant contends this was error and respondent correctly agrees.

7

As the court explained in *Lai*, section 186.11 establishes two different enhancements for persons who commit "two or more related felonies, a material element of which is fraud or embezzlement, which involve a pattern of related felony contact" and which result in the taking of, or in the loss by another person or entity of more than $100,000. (§ 186.11, subd. (a)(1).) Where the pattern of felony conduct results in the taking of, or the loss of more than $500,000, "the additional term of punishment shall be two, three or five years in the state prison." (§ 186.11, subd. (a)(2).) Where the taking or loss is more than $100,000 but less than $500,000, "the additional term of punishment shall be the term specified in paragraph (1) or (2) of subdivision (a) of Section 12022.6." (§ 186.11, subd. (a)(3).) Unlike subdivision (a)(2), then, the enhancement provided in section 186.11, subdivision (a)(3) is not expressly cumulative to the enhancement provided in section 12022.6. After reviewing the Legislative history, *Lai* concluded, "the Legislature intended section 186.11, subdivision (a)(3) to punish defendants with a single consecutive term calculated by *reference* to section 12022.6, subdivision (a). The Legislature did not intend to punish defendants with a second, independent enhancement imposed *pursuant* to section 12022.6, subdivision (a). Therefore, we hold that when the defendant takes more than $100,000 but not more than $500,000 and the jury finds true allegations under both section 186.11, subdivision (a)(3) and section 12022.6, subdivision (a), the defendant's sentence may be increased by a consecutive term under section 186.11, subdivision (a)(3), but not an additional term under section 12022.6, subdivision (a)." (*People v. Lai, supra,* 138 Cal.App.4th at p. 1244.)

Relying on rule 4.447 of the California Rules of Court, *Lai* further concluded, "when true findings are made on allegations under both section 186.11, subdivision (a)(3) and section 12022.6, subdivision (a), the appropriate procedure is to impose the applicable term under section 186.11, subdivision (a)(3), consecutive to the sentence for the underlying offenses. Then the court should impose the applicable consecutive term under section 12022.6, subdivision (a), but stay its execution pending

8

completion of the sentence on the underlying crimes and the section 186.11, subdivision (a)(3) enhancement." (*People v. Lai, supra,* 138 Cal.App.4th at p. 1245.)

Following *Lai*, the trial court should have imposed on count 1 a consecutive two-year enhancement term under section 186.11, subdivision (a)(3). It should then have imposed and stayed a consecutive two-year enhancement term under section 12022.6, subdivision (a)(2). All of the remaining enhancements to counts 1 through 3, under sections 186.11 and 12022.6, should also have been imposed and stayed. We will modify the judgment to reflect the correct enhancement terms.

*Presentence Investigation Costs*

The trial court ordered appellant to pay $1,721 in presentence investigation costs. Appellant contends the order should be reversed because there is no substantial evidence that he has the ability to pay those costs. (§ 1203.1b, subd. (a), (e).) We conclude appellant forfeited this objection because he did not object to the order in the trial court. (*People v. McCullough* (2013) 56 Cal.4th 589, 591, 597.)

Had the contention not been forfeited, we would reject it because the order is supported by substantial evidence. Between 2004 and 2008, appellant's income exceeded $735,000, not all of which was stolen from Vargas. At the time of trial, appellant was employed as the owner and president of a mixed martial arts entertainment company. Appellant told the probation officer that he hoped to build the company into a multimillion dollar enterprise and sell it within a few years. The trial court could reasonably rely on appellant's self-reported high income and his ownership of a successful business to find he had the ability to pay modest presentence investigation costs.

Appellant contends his trial counsel rendered ineffective assistance because counsel failed to object to the order. Because the order was supported by substantial evidence, any objection to it would have been futile. Counsel is not ineffective for failing to make a futile objection. (*People v. Price* (1991) 1 Cal.4th 324, 387.)

9

*Conclusion*

The judgment is modified as follows:  With respect to count 1, a consecutive, two-year enhancement term is imposed under section 186.11, subdivision (a)(3).  A consecutive, two-year enhancement term under section 12022.6, subdivision (a)(2) is imposed on count 1 and stayed.  All of the remaining enhancement terms under section 186.11 subdivision (a)(3) and section 12022.6, subdivision (a) on counts 1 through 3 are stayed.  As so modified, the judgment is affirmed.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P.J.

PERREN, J.

10

Kent M. Kellegrew, Judge

Superior Court County of Ventura

_____


Sylvia Whatley Beckham , under appointment by the Court of Appeal, for Defendant and Appellant.


Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, Herbert S. Tetef, Deputy Attorney General, for Plaintiff and Respondent.