Filed 3/18/22  P. v. Silveira CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOSIAH DAVID SILVEIRA,<br><br>Defendant and Appellant. | F081030<br><br>(Super. Ct. No. CRF58881)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tuolumne County.  Donald I. Segerstrom, Jr., Judge.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Jeffrey D. Firestone, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Appellant Josiah David Silveira was convicted following a jury trial of seven counts of identity theft (Pen. Code,[1] § 530.5, subd. (a); counts I, VII, XI, XIII, XVI, XVIII & XX ); four counts of forgery related to identity theft (§ 470, subd. (d); counts II, VIII, XII & XIV); four counts of forgery relating to a check not exceeding $950 in value (§ 470, subd. (a); counts XVII, XIX, XXI & XXII); two counts of conspiracy to commit shoplifting, forgery, and/or identity theft (§ 182, subd. (a)(1); counts X & XXIII); and four counts of misdemeanor shoplifting (§ 459.5, subd. (a); counts III, VI, IX & XV).  He admitted to suffering two strike priors (§ 667, subds. (b)-(j)).  The court sentenced him to an aggregate prison term of 12 years.

Appellant appeals from the judgment, contending the trial court violated his federal and state due process rights and section 654 by failing to stay sentence on count XI because it was one of the objects of the conspiracy charged in count X.  Finding no error, we affirm.

### GENERAL FACTUAL AND PROCEDURAL BACKGROUND

Between the period of October 26, 2018 and October 31, 2018, appellant presented fraudulent checks purported to be from local businesses made payable to himself to store clerks in exchange for items from the store and cash, obtaining approximately $200 to $500 in cash and goods per transaction.  On two of these occasions, appellant entered the store with a coparticipant who each passed a fraudulent check made payable to themselves.

Law enforcement performed a search of appellant's vehicle.  Inside the vehicle, law enforcement found three computer printers, a laptop computer, a black ink cartridge for the computer printer, "hundreds of" sheets of blank check paper, numerous fraudulent checks from three local businesses, and checks reported stolen from one of the local business's mailbox.

---

[1]     All further undesignated statutory references are to the Penal Code.

2.

Appellant was charged with several offenses for each transaction where he passed a fraudulent check; generally one count each of identity theft, forgery, and misdemeanor shoplifting.  Appellant was also charged with two counts of conspiracy arising from the incidents involving a coparticipant.  The charges set forth in the consolidated information filed on November 8, 2019, are as follows.

***Fraudulent Check Passed on October 26, 2018***

Appellant was charged with identity theft (§ 530.5, subd. (a); count I); forgery relating to identity theft (§ 470, subd. (d); count II); and misdemeanor shoplifting (§ 459.5, subd. (a); count III).

***Fraudulent Check Passed on October 27, 2018***

Appellant was charged with identity theft (§ 530.5, subd. (a); count IV); forgery relating to identity theft (§ 470, subd. (d); count V); and misdemeanor shoplifting (§ 459.5, subd. (a); count VI).

***Fraudulent Check Passed on October 28, 2018***

Appellant was charged with identity theft (§ 530.5, subd. (a); count VII); forgery relating to identity theft (§ 470, subd. (d); count VIII); and misdemeanor shoplifting (§ 459.5, subd. (a); count IX).

***Two Fraudulent Checks Passed on October 29, 2018***

Appellant was charged with offenses described in counts X through XV.  The details of these charges are discussed in the discussion section, as they relate to the issue raised in this appeal.

***Three Fraudulent Checks Passed Between October 30, 2018 and October 31, 2018***

Appellant was charged with three counts of identity theft (§ 530.5, subd. (a); counts XVI, XVIII & XX); and three counts of forgery relating to a check not exceeding $950 in value (§ 470, subd. (a); counts XVII, XIX & XXI).

*Fraudulent Check Passed on October 31, 2018*

Appellant was charged with forgery relating to a check not exceeding $950 in value (§ 470, subd. (a); count XXII); and conspiracy to commit grand theft of personal property and forgery relating to an item not exceeding $950 in value (§ 182, subd. (a)(1); count XXIII).

Following trial, the jury found appellant guilty of all charged counts with the exception of counts IV and V. Appellant admitted to having suffered two strike priors (§ 667, subd. (b)-(j)).

In pronouncing judgment, the court declared count I as the principal term, imposing the middle term of two years in state prison, doubled to four years due to the strike priors. The court declared counts VII, XI, XVI, XVIII, and XX identity theft counts each relating to a separate check, and count X, a conspiracy count, as subordinate terms. For each of these counts, the court imposed one-third the midterm of eight months, doubled to 16 months due to the strike priors. The court stayed punishment as to all other counts pursuant to section 654, except count VI, for which the court imposed a concurrent term of 180 days. Appellant's aggregate prison term was 12 years.

## DISCUSSION

### I. The October 29, 2018 Charges

The issue of this appeal concerns the charges arising from the events of October 29, 2018, only, where two fraudulent checks were passed. On October 29, 2018, appellant and another individual, Michael Fasnacht, drove to and entered Tuolumne Market together. Fasnacht presented a fraudulent check purported to be from a local business made payable to himself and received cash and goods in return. Simultaneously, appellant presented a fraudulent check purported to be from the same business made payable to himself to another cashier and received cash and goods in return. The two then exited the store at roughly the same time and drove away in the same vehicle.

In connection with the October 29, 2018 events, appellant was charged with counts X through XV. Count X charged appellant with conspiracy to commit shoplifting, forgery, and/or identity theft (§ 182, subd. (a)(1)). Four overt acts were alleged relating to the conspiracy: (1) "Drove to Tuolumne Market with co-participant"; (2) "Entered Tuolumne Market with a fraudulent check"; (3) "Passed a fraudulent check at a checkstand"; and (4) "Left store and dr[o]ve away with co-participant."

Count XI charged appellant with identity theft (§ 530.5, subd. (a)) in connection with the check passed by him. Count XII charged appellant with forgery relating to identity theft (§ 470, subd. (d)) in connection with the count XI identity theft.

Count XIII charged appellant with identity theft (§ 530.5, subd. (a)) in connection with the check passed by Fasnacht. Count XIV charged appellant with forgery relating to identity theft (§ 470, subd. (d)) in connection with the count XIII identity theft.

Finally, count XV charged appellant with a misdemeanor violation of shoplifting (§ 459.5, subd. (a)).

It was the People's theory at trial that as to the identity theft and forgery offenses related to the check passed by Fasnacht (counts XIII & XIV), Fasnacht was the perpetrator and appellant was guilty as an aider and abettor.

At the outset of the sentencing hearing, the court initiated a dialogue with the parties regarding how section 654 applied to the case. The prosecutor indicated the People's position was that on transactions where identity theft, forgery, and shoplifting were charged, the court should only sentence appellant for the identity theft count. The court explained its position: "I was going to sentence [appellant] on the 530.5s [identity thefts], except I was going to use the conspiracy with Fasnacht [count X] as opposed to the 530.5 [count XIII], but I can do it on the 530.5 as opposed to conspiracy and come to the same result." The court further clarified it could "just as easily sentence [appellant] on Count [XIII] and find that the 182 [conspiracy] is 654 to counts [X, XIV, and XV]."

5.

When the court pronounced judgment on the October 29, 2018 counts, the court noted it was going to "do what I was originally going to do … for the Fasnacht counts, I'm going to sentence [appellant] on the conspiracy [count X] rather than the substantive charges." The court then declared count X a subordinate term and imposed one-third the midterm of eight months, doubled to 16 months due to the strike priors. The court explained that the "conspiracy … with Fasnacht was a separate event than the other count, and although it was related, it's based on a different set of facts and it involved an agreement with a third party, to involve the third party in the passing of the checks and in the identity theft." The court stayed the sentence on count XIII, the identity theft related to the check passed by Fasnacht, because it is "the same operative facts as Count [X]. It was the objective of the conspiracy with Mr. Fasnacht to pass that check and the Court has sentenced him to conspiracy and therefore, the actual passing of the check and the identity theft related to that check in which [appellant] aided and abetted is the same set of operative facts." The court stayed sentence on count XIV, the forgery related to the Fasnacht check, because it "relates to the Fasnacht conspiracy" and on count XV (shoplifting), "for the same reason as Counts [XIII] and [XIV]."

The court declared count XI—the identity theft count arising from the check passed by appellant—a subordinate term and imposed one-third the midterm of eight months, doubled to 16 months due to the strike priors. As to that count, the court explained, "the Court chooses a consecutive term here as that was a separate date, that was on the 29th of October and the prior two checks were on the 26th and 28th. It involved a separate day, separate incident." The court stayed sentence on count XII, the forgery relating to appellant's check, because "that is the same incident, same check as in Count [XI]."

## II.     Analysis

At the time appellant was sentenced, section 654, subdivision (a) read in part: "An act or omission that is punishable in different ways by different provisions of law shall be

6.

punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." " ' "Section 654 has been applied not only where there was but one 'act' in the ordinary sense … but also where a course of conduct violated more than one statute … within the meaning of section 654." [Citation.] [¶] Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent and objective of the actor. If all the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one.' " (*People v. Beamon* (1973) 8 Cal.3d 625, 637, italics omitted.)

Under section 654, " 'a defendant may not be sentenced "for conspiracy to commit several crimes and for each of those crimes where the conspiracy had no objective apart from those crimes. If, however, a conspiracy had an objective apart from an offense for which the defendant is punished, he may properly be sentenced for the conspiracy as well as for that offense." [Citations.] Thus, punishment for both conspiracy and the underlying substantive offense has been held impermissible when the conspiracy contemplated only the act performed in the substantive offense [citations], or when the substantive offenses are the means by which the conspiracy is carried out [citation]. Punishment for both conspiracy and substantive offenses has been upheld when the conspiracy has broader or different objectives from the specific substantive offenses.' " (*People v. Vargas* (2001) 91 Cal.App.4th 506, 570–571, fn. omitted.)

We review a trial court's determinations pursuant to section 654 for " 'sufficient evidence in a light most favorable to the judgment, and presume in support of the [trial] court's conclusion the existence of every fact the trier of fact could reasonably deduce from the evidence.' " (*People v. Andra* (2007) 156 Cal.App.4th 638, 640–641.)

Appellant argues the sentence for the identity theft charged in count XI relating to the check passed by him must be stayed pursuant to section 654 because the conspiracy charged in count X had no objective separate from any of the substantive charges arising

7.

from the October 29, 2018 events.  Here, the trial court made an express finding that the objective of the conspiracy was to pass the check made payable to Fasnacht, and the check simultaneously passed by appellant was a separate transaction outside the objective of the count X conspiracy.  Accordingly, the court imposed punishment for an offense related to the check passed by Fasnacht (count X) and for an offense related to the check simultaneously passed by appellant (count XI).  Appellant does not address at any length the court's finding but presupposes with little substantive analysis that the objective of the conspiracy included the passing of both checks on October 29, 2018.  We disagree with appellant and find the trial court's finding was reasonable and supported by the evidence.

First, the court's conclusion that the conspiracy's objective was to pass the check made payable to Fasnacht tracks the charging document, as two of the overt act allegations under the count X conspiracy charge were that appellant or his coconspirator entered the market with a fraudulent "check" and/or passed a fraudulent "check" at the checkstand, with "check" being in the singular form, not the plural, and reasonably referring to the singular check with which Fasnacht entered the store and passed to the cashier.

In addition, the evidence adduced at trial supported the court's conclusion.  The Fasnacht conspiracy (counts X & XIII-XV) had the objective of defrauding for the purpose of obtaining cash and goods to benefit Fasnacht, and the offenses related to the check simultaneously passed by appellant (counts XI & XII) had the objective of defrauding for the purpose of obtaining cash and goods to benefit himself.  Though the passing of both checks resulted in the broad goal of obtaining cash and goods, each check was separate from and unrelated to the cash and goods taken by way of the other.  (See *People v. Neder* (1971) 16 Cal.App.3d 846, 854.)  It is clear from the record that neither Fasnacht's passing of the check made payable to himself (Fasnacht) nor appellant's passing of the check made payable to himself (appellant) was incidental or a means

toward committing the other.  (See *People v. Alvarado* (2001) 87 Cal.App.4th 178, 197–198.)  Fasnacht's participation was not necessary to accomplish appellant's transaction involving his check, which is evident both from the circumstances of October 29 and the fact that appellant had passed several other fraudulent checks as part of the overarching scheme at issue in this case without any assistance from a coparticipant.

Finally, it is inconsequential that both checks were passed on the same day at the same time.  (See *People v. Neder*, *supra*, 16 Cal.App.3d 846 [three counts of forgery arising from a single trip to a department store where the defendant and his accomplice made three separate fraudulent purchases from three different salesclerks were upheld as three separate, punishable offenses]; see also *People v. Mitchell* (2008) 164 Cal.App.4th 442, 457 [extending the *Neder* court's analysis to identity theft].)

We find no error under section 654 and no due process violation.

## DISPOSITION

The judgment is affirmed.


                                                              DE SANTOS, J.

WE CONCUR:


POOCHIGIAN, ACTING P. J.


FRANSON, J.