Filed 1/25/23  P. v. Gansereit CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ZACKARY JONATHAN GANSEREIT,<br><br>Defendant and Appellant. | C095587<br><br>(Super. Ct. Nos. CRF2101944, CRF182098, CRF1913802) |

Defendant Zackary Jonathan Gansereit pleaded no contest to vehicle theft, vandalism, receiving stolen property, and misdemeanor evading a peace officer.  The trial court imposed an aggregate four-year four-month split sentence.

On appeal, defendant contends the sentence on the vandalism count should have been stayed under Penal Code section 654.[1]  Finding no merit in the contention, we will affirm the judgment.

---

[1]  Undesignated statutory references are to the Penal Code.

BACKGROUND

The victim noticed her Chevrolet Trax was missing on October 27, 2018. Two day later a sheriff's deputy saw defendant driving the Trax and attempted a traffic stop. Defendant fled in the Trax and was able to evade the deputy. Two days after that, the deputy saw defendant walking in a parking lot and stopped him. Defendant admitted he had been driving the Trax and that he had attempted to flee from the deputy because he knew he was driving a stolen vehicle and did not want to go to jail. He explained that he parked the Trax near an orchard and directed someone else to light the vehicle on fire because he knew the vehicle was stolen and did not want to be linked to it. The deputy located the vehicle, confirmed that it was the stolen Trax, and noted that it had been damaged by fire.

In case No. CRF182098 (case 098), defendant pleaded no contest to vehicle theft (Veh. Code, § 10851, subd. (a)), vandalism (§ 594, subd. (a)), and misdemeanor evading a peace officer (Veh. Code, § 2800.1, subd. (a)). The parties stipulated to a factual basis from the relevant Yuba County sheriff's report. After defendant entered his plea, but before he was sentenced, he pleaded no contest in case No. CRF1913802 (case 802) to a count of receiving stolen property (§ 496d). If the judge in case 098 permitted defendant to complete a drug treatment program in exchange for probation, defendant would receive similar treatment in case 802. Defendant did not successfully complete the treatment program. The trial court sentenced him to four years four months in the two cases, to be served as a split sentence with 730 days in jail and the remainder on mandatory supervision. The sentence included eight months for the vandalism in case 098 (arranging to burn the vehicle), which the trial court found was a separate act from the vehicle theft.

After defendant was released to mandatory supervision, he pleaded no contest to a count of vehicle theft (Veh. Code, § 10851) in case No. CRF2101944 (case 944). The trial court imposed a three-year sentence concurrent to the sentence in case 098.

2

Defendant filed a notice of appeal, which we construed to include all three cases and their respective sentencing dates.

## DISCUSSION

Defendant contends the sentence on the vandalism conviction in case 098 should have been stayed under section 654 because the burning of the vehicle was committed with the single objective of completing the vehicle theft.

Section 654 applies not only where there was a single act, but also where there was a course of conduct that violated more than one statute but nevertheless constituted an indivisible transaction. (*People v. Perez* (1979) 23 Cal.3d 545, 551.) "[I]f the evidence discloses that a defendant entertained multiple criminal objectives which were independent of and not merely incidental to each other, he may be punished for the independent violations committed in pursuit of each objective even though the violations were parts of an otherwise indivisible course of conduct." (*Ibid*.)

" 'The defendant's intent and objective are factual questions for the trial court.' " (*People v. Coleman* (1989) 48 Cal.3d 112, 162.) Trial courts have broad latitude to determine whether a defendant harbored one or more objectives, and we uphold their findings on appeal if there is any substantial evidence in the record to support them. (*People v. Hutchins* (2001) 90 Cal.App.4th 1308, 1312.) We review the trial court's determination of a defendant's separate intents and objectives for sufficient evidence in a light most favorable to the judgment, and presume in support of the trial court's conclusion the existence of every fact the trier of fact could reasonably deduce from the evidence. (*People v. Andra* (2007) 156 Cal.App.4th 638, 640-641.)

Here, the trial court determined the vehicle theft and later vandalism of the vehicle were separate acts. Defendant said he directed that the vehicle be lit on fire because he knew it was stolen and he wanted to hide evidence of his link to the vehicle. The objective of the vandalism was not merely incidental to the theft; indeed, the act of destroying the vehicle to hide the evidence of the theft was inconsistent with the objective

3

of the theft itself. Defendant's statements to law enforcement provided sufficient evidence to support the trial court's conclusion that the two crimes were separate acts with separate intents.

Defendant cites *People v. Guzman* (1996) 45 Cal.App.4th 1023 for the proposition that the vandalism and theft were part of the same course of conduct and objective because defendant had not reached a place of safety with the stolen vehicle. But defendant did not burn the vehicle during the theft or during his flight from law enforcement. Defendant parked the vehicle near an orchard, left it there, and directed someone else to burn it. *People v. Brumley* (1966) 242 Cal.App.2d 124 is also distinguishable because the criminal acts in that case, receiving stolen cattle with the intent to conceal them from the owner and then branding the cattle to prevent identification by the owner, both related to concealing the cattle from the owner. (*Id.* at pp. 130-131.)

The trial court did not err when it declined to stay the vandalism sentence under section 654.

DISPOSITION

The judgment is affirmed.

_____/S/_____
MAURO, J.

We concur:


\_\_\_\_\_/S/_____
ROBIE, Acting P. J.


\_\_\_\_\_/S/_____
HULL, J.

4