Filed 2/7/25  P. v. Larson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ROBERT DEAN LARSON,<br><br>Defendant and Appellant. | C100472<br><br>(Super. Ct. No. 22FE021268) |

A jury convicted defendant Robert Dean Larson of possession of child pornography and using a child to pose for child pornography.  The trial court sentenced him to two years in prison.

Defendant now contends (1) the evidence is insufficient to support his convictions, (2) the trial court should not have prevented him from arguing that defendant's son may have been responsible for the photographs found on two cell phones, and (3) defendant's sentence for using a child to pose for child pornography must be stayed under Penal Code section 654.[1]  Finding no merit in the contentions, we will affirm the judgment.

---

[1]  Undesignated statutory references are to the Penal Code.

1

BACKGROUND

A.C. (mother) and her former husband had two daughters.  B.C. (the older daughter) was born in 2014, and P.C. (the younger daughter) was born in 2016.  Sometimes the daughters would stay with defendant, who was the former husband's stepfather.  A few weeks after a visit in the summer of 2021, defendant texted mother three photographs of the older daughter taken when she was between the ages of five and six.  The photographs were filtered by defendant to make it appear that the older daughter was wearing makeup, and in one of the photos, it looked like the older daughter was not wearing panties.  The photos added to mother's suspicions and she contacted authorities.

Authorities eventually executed a search warrant at the home defendant shared with his adult son.  During the search, authorities recovered seven cellular telephones from defendant's bedroom, which defendant said belonged to him.  Forensic downloads and a review of the contents of three of the phones (a Samsung Galaxy S10, a Samsung Galaxy S8, and a Samsung Galaxy S9) yielded evidence used at trial.  Two phones found on defendant's nightstand next to his bed contained photos of the older daughter.

Seven photos from the Galaxy S9, all taken between June 6 and June 10, 2021, were used at trial.  The first showed a nude prepubescent female laying on her back in a bathtub; the front of her vulva was in view and her body from the chest upward was obscured by a shower door.  The photo also contained what appeared to be a white male knee in the foreground.  Another photo showed the older daughter facing forward, laying on her stomach on a bed wearing a sweaterdress covering part of her buttocks and no panties; the photo was taken at a low angle from behind with the older daughter's legs spread apart, allowing the viewer to see a portion of the older daughter's buttocks and vulva.  A similar photo showed the older daughter in the same outfit, this time with her legs bent at the knee, still without panties.  Of the other photos recovered from the Galaxy S9, one had the younger daughter looking at the camera in the foreground, while another had the younger daughter lifting the older daughter's pink pajama skirt, revealing

2

the older daughter's panty-covered backside.  None of the photos showed the older daughter looking toward the camera.  The last photo was taken from behind the older daughter, who was standing in her underwear playing a video game in front of a television with her bra strap hanging off her left shoulder and discarded clothing on the ground.

Nine photos from the Galaxy S8 were introduced at trial, all of them showing the older daughter on a bed.  Most of the photos showed the older daughter from behind, kneeling forward and possibly playing an electronic device; they were taken at an angle to prominently display the older daughter's buttocks, which were partially obscured by a pink pajama skirt.  Defendant was linked to the phone by the phone number, selfies, and two credit cards.

Text messages recovered from the Galaxy S10 showed that defendant had been caring for the daughters during the week the photos were taken.

During jury deliberations, the jury requested readback of mother's testimony and testimony from the detective who had explained that defendant's adult son also resided at defendant's home.  The jury also asked to see the written stipulations concerning the forensic processing of the phones.  Following deliberations, the jury found defendant guilty of possession of child pornography (§ 311.11, subd. (a); count one) and using a child to pose for child pornography (§ 311.4, subd. (c); count two).

The trial court denied defendant's request for probation and sentenced him to an aggregate two years in prison, consisting of the low term of 16 months on count one and a consecutive 8 months on count two.  In electing to impose a consecutive term, the trial court explained that the events "occurred over a period of time, separate times and separate places."  The probation report did not mention section 654 and neither did the parties.

Additional background facts are set forth in the discussion as relevant to the contentions on appeal.

DISCUSSION

I

Defendant contends the evidence is insufficient to support his convictions. Specifically, he claims reversal is required because there is no evidence the older daughter purposefully exposed herself for the photographs.

Both section 311.4, subdivision (c) and section 311.11, subdivision (a) require, among other things, sexual conduct as defined in section 311.4, subdivision (d). (§§ 311.4, subd. (d), 311.11, subd. (a).)  As relevant here, section 311.4, subdivision (d) defines sexual conduct as the actual or simulated "exhibition" of the genitals or pubic or rectal area for the sexual stimulation of the viewer.  Defendant argues the exhibition must be purposeful but there is no evidence the older daughter knowingly displayed her anatomy.  However, nothing in the statute requires a child victim to be an intentional participant in the child pornography.

Even if defendant meant to argue that his conviction for using a child to pose for child pornography under section 311.4, subdivision (c) cannot stand because there was no posing involved, his argument would still lack merit on this record.  A jury could reasonably infer that the environment had been arranged for the photographs.  (See *People v. Hobbs* (2007) 152 Cal.App.4th 1, 8 [posing occurred when the environment of a locker room was arranged so that the minors would be in camera view]; *People v. Booth* (2018) 25 Cal.App.5th 450, 453-455 [sufficient evidence supported the conviction when filming occurred while the minor was exposed and penetrated].)

II

Defendant next contends the trial court should not have prevented him from arguing that his son may have been responsible for the photographs found on two of the cell phones.  In support of his contention defendant cites *People v. Hall* (1986) 41 Cal.3d 826 (*Hall*), which addressed the admission of third-party culpability evidence.  The court in *Hall* explained:  "To be admissible, the third-party evidence need not show 'substantial

4

proof of a probability' that the third person committed the act; it need only be capable of raising a reasonable doubt of defendant's guilt. At the same time, we do not require that any evidence, however remote, must be admitted to show a third party's possible culpability. . . . [E]vidence of mere motive or opportunity to commit the crime in another person, without more, will not suffice to raise a reasonable doubt about a defendant's guilt: there must be direct or circumstantial evidence linking the third person to the actual perpetration of the crime." (*Id.* at p. 833.)

When it came time for closing argument at trial, defendant's counsel wanted to argue that defendant's son might have been the one who took the photos of the older daughter. The People objected and the trial court invited the parties to comment on *Hall*'s application given the state of the evidence. Defense counsel argued it was "equally likely that the photos could have been taken by [defendant's] son . . . because he was present in the home." Defense counsel added there was "nothing stopping the son" from using the cell phones to take the photographs. The trial court sustained the People's objection to the argument, noting that defendant had admitted owning the cell phones, the phones had been found on a nightstand in defendant's bedroom, and there was no evidence of third party culpability.

Although criminal defendants are entitled to have counsel present closing argument, such a right is not absolute. (*People v. Simon* (2016) 1 Cal.5th 98, 147.) Among other things, trial courts are within their discretion to prohibit argument that is not supported by substantial evidence. (*People v. Ponce* (1996) 44 Cal.App.4th 1380, 1390.) Here, the trial court did not abuse its discretion.

Defendant argues the son had opportunity to take the photos, but he does not identify any evidence that might link the son to the photos. Opportunity, without more, is legally insufficient to sustain a claim of third-party culpability (*Hall, supra*, 41 Cal.3d at p. 833; *People v. Thomas* (2021) 63 Cal.App.5th 612, 631), and on this record defendant has not shown that his contention has merit.

5

III

In addition, defendant claims his sentence for using a child to pose for child pornography must be stayed under section 654. The issue was not asserted in the trial court, but because a sentence imposed in violation of section 654 is unauthorized, we will address the merits. (*People v. Brents* (2012) 53 Cal.4th 599, 618 (*Brents*).)

Subdivision (a) of section 654 states in pertinent part: "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision." The statute precludes more than one punishment for multiple violations arising from a single act, and also forbids more than one punishment for a course of conduct comprising multiple acts undertaken with a single intent or objective. (*People v. Corpening* (2016) 2 Cal.5th 307, 311; *People v. Latimer* (1993) 5 Cal.4th 1203, 1208 (*Latimer*).)

But if the evidence shows that multiple offenses were committed with independent, separate objectives, then the course of conduct is divisible, and the defendant may be punished for each of the offenses committed even though the violations share common acts or are part of an otherwise indivisible course of conduct. (*Latimer, supra*, 5 Cal.4th at pp. 1211-1212.) And, in a case like this one in which a defendant is found guilty of multiple sex offenses, each offense may be punished even if the defendant had a single objective, unless the offenses were incidental to, or the means by which, another crime was accomplished. (*People v. Alvarez* (2009) 178 Cal.App.4th 999, 1006-1007.) "A trial court's express or implied determination that two crimes were separate, involving separate objectives, must be upheld on appeal if supported by substantial evidence." (*Brents, supra*, 53 Cal.4th at p. 618.) We review the trial court's findings for substantial evidence " 'in a light most favorable to the judgment, and presume in support of the court's conclusion the existence of every fact the trier of fact could reasonably deduce from the evidence.' " (*People v. Andra* (2007) 156 Cal.App.4th 638, 640-641.)

6

Here, in considering the imposition of a consecutive sentence, the trial court found that the events "occurred over a period of time, separate times and separate places." That finding is supported by substantial evidence in this case, and under the circumstances, section 654 did not require a stay of count two. (See *People v. Hicks* (2017) 17 Cal.App.5th 496, 514-516 [temporal gaps in defendant's offenses defeated section 654 claims].)

DISPOSITION

The judgment is affirmed.


_____/S/_____
MAURO, J.

We concur:


\_\_\_\_\_/S/_____
HULL, Acting P. J.



\_\_\_\_\_/S/_____
BOULWARE EURIE, J.