Filed 3/21/16  P. v. Ramirez CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B261508 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA091249) |
| v. | |
| SUSIE RAMIREZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Michael Villalobos, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Mary Sanchez and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Susie Ramirez pleaded guilty to one count of felony second degree commercial burglary (Pen. Code, § 459).[1]  She subsequently filed a petition to recall her sentence and obtain resentencing for the burglary conviction pursuant to Proposition 47 (§ 1170.18).  She argued that the conduct underlying her conviction – entering a bank and attempting to open an account using a Social Security number that did not belong to her – met the definition of "shoplifting," a new misdemeanor crime added to the Penal Code by Proposition 47.  (See § 459.5.)  The trial court rejected defendant's contention and denied her petition.  We affirm.

## FACTUAL AND PROCEDURAL SUMMARY

On October 15, 2013, defendant entered a bank during normal business hours and tried to open an account using a Social Security number that did not belong to her.  A bank employee called the police and defendant was arrested.[2]

A felony complaint filed October 17, 2013 charged defendant with one count of second degree commercial burglary (§ 459) and one count of felony identity theft (§ 530.5, subd. (a)).  Defendant pleaded not guilty.

At an early disposition hearing on November 6, 2013, defendant withdrew her plea of not guilty to the commercial burglary count and entered a plea of nolo contendere on that count.  The court found that there was a factual basis for defendant's plea – namely, the early disposition probation report from which the above facts are drawn – and accepted the plea.  Counsel further stipulated "to the use of said report for sentencing." The identity theft charge was dismissed "due to plea negotiation."  The court placed defendant on formal probation for three years.  On August 15, 2014, defendant admitted

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] The "Evaluation" section of the Early Disposition Report adds the following motive to the factual narrative:  "Defendant entered a Chase Bank and attempted to open up an account using a fictitious social security number *so that she could later transfer the funds into her personal account*."  Although it is unclear how the probation officer discerned defendant's ultimate goal without speaking to defendant, the bank, the arresting officer, or the owner of the social security number, the parties both adopt this characterization of the offense.

violating her probation. The court reinstated her probation on the condition that she serve 90 days in county jail for the violation.

On December 15, 2014, defendant filed a petition for recall of her sentence and resentencing pursuant to section 1170.18, subdivision (a). Defendant argued her conduct placed her within the ambit of newly created section 459.5, subdivision (a), which provides in pertinent part that "Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). . . . Shoplifting shall be punished as a misdemeanor . . . ."

At the hearing on the petition, the court asked defendant if using a fictitious social security number to open an account could be considered an intent to steal rather than an intent to commit fraud. Defendant responded that "when you enter a bank, that's generally the intent to take something of value, which is generally money." The court also asked how defendant knew "the value was going to be less than $950." Defendant responded that "there was actually nothing stolen," and that the burglary conviction did not require any item to be taken.

The court ruled "this is not a shoplift under the facts." The court also noted that, even if it were, "there is a question as to whether a burglary such as this is reducible." Ultimately, the court concluded it was not. The court reasoned "there was no shoplift" because "[t]his was an entry of a building with the intent to commit some type of fraud with the use of a false social security number." The court denied defendant's petition. Defendant timely appealed.

**DISCUSSION**

## I. Governing Principles

In November 2014, California voters enacted Proposition 47, the Safe Neighborhoods and Schools Act, which reclassified certain felony drug and theft offenses as misdemeanors. "Among those crimes are certain second degree burglaries where the defendant enters a commercial establishment with the intent to steal." (*People v. Sherow*

(2015) 239 Cal.App.4th 875, 879 (*Sherow*).) "Such offense is now characterized as shoplifting as defined in new section 459.5. Shoplifting is now a misdemeanor unless the prosecution proves the value of the items stolen exceeds $950." (*Ibid.*; see § 459.5, subd. (a).) Any act that meets the definition of shoplifting must now be charged as such; "[n]o person who is charged with shoplifting may also be charged with burglary or theft of the same property." (§ 459.5, subd. (b).)

Proposition 47 also "created a new resentencing provision: section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47. (§ 1170.18, subd. (a).) A person who satisfies the criteria in section 1170.18 shall have his or her sentence recalled and be 'resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (§ 1170.18, subd. (b).)" (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1092; *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1109.)

We review the trial court's interpretation of the statute and voter initiative de novo. (*Sherow*, *supra*, 239 Cal.App.4th at p. 878.) Defendant bears the burden of demonstrating her eligibility for relief under Proposition 47. (*Id.* at 879; *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 448-449.) Where, as in this case, the crime under consideration is a theft offense under section 459.5, "'the petitioner will have the additional burden of proving the value of the property did not exceed $950.' (Couzens & Bigelow, Proposition 47 'The Safe Neighborhoods and Schools Act' (Feb. 2015), <www.courts.ca.gov/documents/Prop-47-Information.pdf> [as of August 10, 2015] p. 40.)" (*Sherow*, *supra*, 239 Cal.App.4th at p. 879.)

## II. Analysis

Defendant contends that her second degree burglary conviction "automatically became misdemeanor 'shoplifting' because she stole nothing and her attempted larceny or theft by false pretenses occurred during the normal business hours of the bank." She

4

further argues that even if she did not intend to commit larceny, the Legislature, by enacting a provision that equates the words "larceny, embezzlement, or stealing" with the word "theft" (§ 490a), "'has indicated a clear intent that the term "larceny" as used in the burglary statute should be read to include all thefts, including "petit" theft by false pretenses.' (*People v. Nguyen* (1995) 40 Cal.App.4th 28, 31.)" Respondent characterizes these arguments as "strong," acknowledging that there may be good reason "that section 459.5 should be interpreted to mean that all persons who enter a store (during regular business hours) with the intent to commit *any* type of theft (of property valued at $950 or less) are now liable for misdemeanor shoplifting alone." We agree that defendant's arguments are cogent, but ultimately conclude they are unavailing on the facts of this case.

The recently created offense of shoplifting has four elements: (1) entry into a commercial establishment; (2) while that establishment is open during regular business hours; (3) with the intent to commit larceny; and (4) the value of the property that is taken or intended to be taken does not exceed $950. (§ 459.5, subd. (a); see also *People v. Contreras* (2015) 237 Cal.App.4th 868, 892.) Defendant asserts that she satisfies all four elements. Respondent appears to agree as to (or at least does not dispute) elements (1), (2), and (4) in its response brief, in which it argues primarily that the meaning of "larceny" as it is used in section 459.5 is ambiguous and requests that we clarify the ambiguity in favor of an interpretation reflecting the commonly understood definition of the term "shoplifting," i.e., "the theft of openly displayed merchandise from commercial establishments." [3] We accordingly focus our analysis on the third element, whether defendant intended to commit larceny when she entered the bank.

_____

[3] In its supplemental brief, respondent changes course and argues for the first time that a bank is not a commercial establishment. We need not and do not consider this belatedly raised contention. (See *People v. Barragan* (2004) 32 Cal.4th 236, 254 fn. 5.) We further note that the People have conceded in at least one other case that a bank such as the one defendant entered in this case is a "commercial establishment" for purposes of section 459.5. (See *People v. Root* (Mar. 1, 2016, D068235) ___ Cal.App.4th ___ [2016 D.A.R. 2106, 2106].)

5

Larceny is "the taking of another's property, with the intent to steal and carry it away. [Citation.] [Fn. omitted.] 'Taking,' in turn, has two aspects: (1) achieving possession of the property, known as 'caption,' and (2) carrying the property away, or 'asportation.' [Citations.]" (*People v. Gomez* (2008) 43 Cal.4th 249, 254-255.) Larceny also requires a "'trespassory taking,' which is a taking without the property owner's consent. [Citation.]" (*People v. Williams* (2013) 57 Cal.4th 776, 788.) Here, the sparse factual record indicates only that defendant entered the bank with the intention of opening an account. There is no evidence that she intended to achieve possession of any property and carry it away. To the contrary, the parties agree that defendant planned to transfer funds later.

Perhaps in recognition that the intent to open an account at a bank does not fit neatly within the definition of larceny, defendant argues that she intended to commit theft by false pretenses, which in her view is equivalent to larceny for the purposes of section 459.5. She cites in support of this contention section 490a, which provides that "[w]herever any law or statute of this state refers to or mentions larceny, embezzlement, or stealing, said law or statute shall hereafter be read and interpreted as if the word 'theft' were substituted therefor." She also relies upon *People v. Nguyen*, *supra*, 40 Cal.App.4th at p. 31, which states that "the term 'larceny' as included in the burglary statute should be read to include all thefts, including 'petit' theft by false pretenses." This view has support in recent case law, including *People v. Vargas* (2016) 243 Cal.App.4th 1416, 1419, 1427 (*Vargas*)), which we asked the parties to address in supplemental briefing.[4]

Even if we were to construe the term "larceny" as it is used in section 459.5 to have the expansive definition prescribed by section 490a and advocated by defendant, we

---

[4] We also asked the parties to address *People v. Gonzales* (2015) 242 Cal.App.4th 35, which held that theft by false pretenses did not constitute larceny for purposes of section 459.5 and with which *Vargas* and at least one other court have disagreed. (See *Vargas*, *supra*, 243 Cal.App.4th at pp. 1420, 1424-1426; *People v. Triplett* (2016) 244 Cal.App.4th 824.) The Supreme Court granted review in *Gonzales* on February 17, 2016, however, so we do not consider *Gonzales* in our analysis. We appreciate the parties' arguments nonetheless.

are not persuaded that an attempt to open a bank account of unspecified type necessarily constitutes theft by false pretenses. The crime of theft by false pretenses occurs where (1) a defendant makes false pretense or representation, (2) with the intent to defraud an owner of money, labor, or property, and (3) the owner is in fact defrauded and parts with his or her money, labor, or property in reliance upon the representation. (*Perry v. Superior Court* (1962) 57 Cal.2d 276, 283; § 532, subd. (a).) Courts have held that this crime is committed when a defendant enters a bank or check-cashing establishment and obtains money by cashing forged or fraudulent checks. (See *Vargas*, *supra*, 243 Cal.App.4th at pp. 1420-1421; *People v. Root*, *supra*, 2016 D.A.R. 2106, 2108. But see *People v. Bias* (Feb. 29, 2016, E062949) ___ Cal.App.4th ___, 2016 D.A.R. 2027, 2029 [holding that a defendant who entered a bank and attempted to cash a forged check for $587.64 was not eligible for resentencing under Proposition 47 because he intended to commit identity theft, which is not within the ambit of section 459.5, subdivision (a)].)

Like larceny, theft by false pretenses is a crime that requires something be taken. Here, however, the record reflects only that defendant intended to open an account when she entered the bank on October 15, 2013; the parties agree that she intended to effectuate fraudulent transfers of funds only at a later point in time. There accordingly is no evidence that she intended to defraud the bank of its money when she opened the account. Instead, she was merely laying the groundwork for future theft(s). As defendant aptly explains in her supplemental brief, "Simply opening an account with someone else's social security number does not deprive either the bank or the person to whom the social security number belong [*sic*] of any monetary sum. Some later criminal act by appellant was necessary before either the bank or the individual victim would have suffered any financial loss."

The case of *People v. Andra* (2007) 156 Cal.App.4th 638, 641-642 is instructive. There, a defendant used another person's identifying information to open checking and savings accounts at a bank. (*Ibid.*) "Over the next several weeks, defendant deposited fraudulent and stolen checks into the accounts, then withdrew money from the accounts." (*Id.* at p. 642.) She was charged with and convicted of one count of identity theft and one

7

count of theft by false pretenses. (*Ibid.*) On appeal, she contended that the sentence for one of the crimes had to be stayed pursuant to section 654 because she had a single intent and objective. (*Ibid.*) The appellate court disagreed and explained that defendant committed the crime of identity theft "when she used Ms. Baker's personal information to open the bank accounts" and committed the separate crime of theft by false pretenses "every time she deposited fraudulent and stolen checks into the bank and withdrew funds." (*Ibid.*)

The scheme in *People v. Andra* appears virtually indistinguishable from the one thwarted here. Although we do not know what type of account defendant sought to open, the parties agree that "her intent was clear: open up an account, under a false social security number, in order to facilitate future theft(s)." Yet, as *People v. Andra* holds, opening an account to facilitate future thefts is a distinct violation from the subsequent commission of those thefts. There is no evidence in our record indicating that defendant intended to commit the crime of theft by false pretenses concurrently with the distinct crime of opening the account. We therefore conclude that there is no evidence that she intended to commit larceny or the section 490a equivalent of theft by false pretenses when she entered the bank. Her crime accordingly does not fall within the definition of shoplifting even if section 459.5 is expansively construed,[5] regardless of the value of the property she may have intended to eventually take.[6]

---

[5] Defendant does not argue that identity theft is encompassed within the term "larceny" pursuant to section 490a. We therefore do not consider that issue, though we note that such a theory recently was rejected in *People v. Bias*, *supra*, 2016 D.A.R. 2027, 2029.

[6] We asked the parties to address in their supplemental briefing "Whether defendant's failure to complete the intended transaction(s) necessarily means the value of the property taken or intended to be taken did not exceed $950, where the record does not detail the nature or value of the transaction(s) she intended to complete at the bank." We thank them for their submissions on this question, which we have since determined will not be necessary to our disposition.

Because we conclude that the facts in this case render defendant ineligible for relief under Proposition 47, we need not and do not consider the parties' arguments regarding the People's ability to withdraw from defendant's plea agreement.

## DISPOSITION

The order denying defendant's petition for recall of her felony sentence and for resentencing to a misdemeanor is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


WILLHITE, Acting P. J.


MANELLA, J.

9