Filed 12/13/24  P. v. Messer CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C100724 |
| Plaintiff and Respondent, | (Super. Ct. No. P16CRF0133-2) |
| v. | |
| JESSE DEAN MESSER, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Jesse Dean Messer filed an opening brief asking this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant filed a supplemental brief. Having reviewed the record and defendant's arguments, we affirm the judgment.

1

FACTUAL AND PROCEDURAL BACKGROUND

A jury found defendant guilty of two counts of assault with a semiautomatic firearm, two counts of discharging a firearm at an occupied motor vehicle, and two counts of possessing a firearm having been convicted of a felony. The jury also found true allegations that defendant personally used a firearm in committing both assaults. Defendant requested a court trial on allegations regarding his criminal history, at which the court reviewed certified records and found that he had previously been convicted of a serious felony, making a criminal threat, and had served prior prison terms for five separate prior felony convictions.[1]

The trial court sentenced defendant to an aggregate term of 41 years eight months in prison, comprising the upper term of nine years for the first assault count, doubled due to the prior serious felony conviction; the upper term of 10 years for the attached firearm enhancement; two years for the second assault count (one-third of the six-year middle term), doubled due to the prior serious felony conviction; one year four months (one-third of the four-year middle term) for the attached firearm enhancement; eight months (one-third of the two-year middle term) for one of the firearm possession counts, doubled due to the prior serious felony conviction; a five-year enhancement for the prior serious felony conviction under Penal Code section 667, subdivision (a);[2] and two one-year enhancements under former section 667.5, subdivision (b). The trial court imposed but stayed execution, under section 654, of the sentences for the two counts of discharging a firearm at an occupied motor vehicle and imposed a concurrent sentence for the other firearm possession count.

---

[1] On this court's own motion we incorporate by reference the record in defendant's first appeal in this case, *People v. Messer* (Oct. 9, 2020, C086503) (nonpub. opn.).

[2] Undesignated statutory references are to the Penal Code.

On appeal, this court vacated defendant's sentence and remanded for the trial court to strike the two one-year enhancements, which the Legislature had repealed after defendant's sentencing, and to exercise its newly granted discretion to consider striking the five-year enhancement. (*People v. Messer* (Oct. 9, 2020, C086503) [nonpub. opn.] (*Messer I*).) The trial court resentenced defendant, striking the two one-year sentence enhancements and otherwise imposing the same sentence, for a total of 39 years eight months in state prison. (*People v. Messer* (Mar. 4, 2022, C094223) [nonpub. opn.] (*Messer II*).)

Defendant appealed again, and this court again vacated defendant's sentence due to intervening changes in the governing law and remanded for resentencing. (*Messer II*, *supra*, C094223.) The trial court held another resentencing hearing at which defendant argued: (1) the court could not select any upper term sentences because no aggravating circumstances had been proven in compliance with current law; (2) the court should select discharging a firearm at an occupied motor vehicle as the principal count instead of assault with a semiautomatic firearm; and (3) the sentence for one firearm possession count should not have been doubled because of a pleading defect. The People responded that: (1) the court could select upper term sentences based on defendant's prior convictions, which had been found true in a bifurcated court trial; (2) the court should not select a lesser principal count; and (3) defendant had waived any argument regarding the pleading defect. After acknowledging that the trial court had found the prior convictions true, defendant asked the court to nevertheless exercise its discretion to select the middle term sentence because of the age of the prior convictions.

The trial court selected the first count of assault with a semiautomatic firearm as the principal count. The court then found that defendant's prior convictions, which had been found true beyond a reasonable doubt in a bifurcated court trial, justified imposing the upper term sentence for the principal count and the attached firearm enhancement. For the other assault count, the court imposed one-third of the middle term for the offense

3

and the attached firearm enhancement, all to run consecutively. For one firearm possession count, the court imposed one-third of the middle term, to run consecutively. The court declined to strike defendant's prior serious felony conviction and found defendant had waived any challenge to how the People had pleaded the prior serious felony enhancement with respect to the firearm possession count, so the court doubled the sentences for these three offenses. The court also imposed a five-year enhancement for the prior serious felony conviction.

The trial court imposed but stayed execution, under section 654, of the sentences for the two counts of discharging a firearm at an occupied motor vehicle and for the other firearm possession count. After a second hearing to clarify, the court determined defendant's aggregate sentence was 39 years eight months in prison. The court amended the abstract of judgment to remove an order requiring defendant to pay a fee for preparation of the probation report that the Legislature has repealed.

Defendant timely appealed from the judgment.

DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the filing of the opening brief. Defendant filed a supplemental brief raising four claims.

I

*Lower Term Sentence*

First, defendant claims he should have received a lower term sentence, pursuant to section 1170, subdivision (b)(6) because "the probation report shows [he] suffered childhood abuse" and "is bipolar." Defendant misunderstands the statute. Section 1170, subdivision (b)(6) only applies if defendant's "psychological, physical, or childhood trauma" "was a contributing factor in the commission of the offense." (§ 1170, subd.

4

(b)(6), (A).)  The probation report does not show that any trauma defendant suffered contributed to the commission of the offenses in this case.  Rather, defendant stated that "his behavior was an overreaction and that substance abuse played a part."

In any event, defendant forfeited these claims by failing to ask the trial court to impose a lower term sentence pursuant to section 1170, subdivision (b)(6).  (*People v. Achane* (2023) 92 Cal.App.5th 1037, 1043-1044.)  "A party in a criminal case may not, on appeal, raise 'claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices' if the party did not object to the sentence at trial." (*People v. Gonzalez* (2003) 31 Cal.4th 745, 751.)  Such an objection must fairly inform the trial court and the prosecution of the basis for the objection so that the prosecution can respond appropriately and the court can make an informed ruling.  (See *People v. Partida* (2005) 37 Cal.4th 428, 434-435 [interpreting the objection requirement in Evid. Code, § 353]; cf. *People v. De Soto* (1997) 54 Cal.App.4th 1, 10 [claim forfeited where defendant "raised no specific objections at the time of sentencing," so trial court lacked "a genuine opportunity to correct any errors it may have made"].)  "A trial court's decision whether to apply [section 1170, subdivision (b)(6)] . . . depends on both factual determinations and the exercise of discretion," which means that defendant must raise the issue in the trial court and develop a record in order to raise the issue on appeal.  (*Achane*, at p. 1044.)  Defendant did not do so here, so he has forfeited the issue.

## II

### *Ineffective Assistance*

Second, to avoid forfeiture, defendant claims his attorney performed ineffectively by not raising section 1170, subdivision (b)(6) and asking for a lower term sentence.  The record does not establish ineffective assistance of counsel.  "Ineffective assistance of counsel is particularly difficult to demonstrate on direct appeal, where we are limited to the record from the trial court.  'The appellate record . . . rarely shows that the failure to object was the result of counsel's incompetence; generally, such claims are more

5

appropriately litigated on habeas corpus, which allows for an evidentiary hearing where the reasons for defense counsel's actions or omissions can be explored.' [Citation.] ' "Unless a defendant establishes the contrary, we shall presume that 'counsel's performance fell within the wide range of professional competence . . . .' " ' [Citation.] ' "If the record 'sheds no light on why counsel acted or failed to act in the manner challenged,' an appellate claim of ineffective assistance of counsel must be rejected ' . . . unless there simply could be no satisfactory explanation.' " ' " (*People v. Acosta* (2018) 28 Cal.App.5th 701, 706.)

Here, defendant cannot establish that "there simply could be no satisfactory explanation" for his counsel choosing not to seek a lower term sentence. For example, counsel could have known that defendant would be unable to establish his self-reported trauma convincingly or unable to establish that it contributed to the commission of the offenses. Counsel could also have made a strategic decision to seek a middle term sentence, sensing the court's inclination to impose an upper term sentence. Accordingly, defendant has failed to establish ineffective assistance of counsel.

III

*Dismissing the Five-Year Enhancement*

Third, defendant contends the court should have dismissed the five-year sentence enhancement imposed pursuant to section 667, subdivision (a) because mitigating factors in section 1385, subdivision (c)(2) applied. Section 1385, subdivision (c)(1) provides that "[n]otwithstanding any other law, the court *shall dismiss an enhancement if it is in the furtherance of justice to do so*, except if dismissal of that enhancement is prohibited by any initiative statute." (See also *People v. Walker* (2024) 16 Cal.5th 1024, 1032.) Section 1385, subdivision (c)(2) provides, in pertinent part, "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these

6

circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." "[N]otwithstanding the presence of a mitigating circumstance, trial courts retain their discretion to impose an enhancement based on circumstances 'long deemed essential to the "furtherance of justice" inquiry.' " (*Walker*, at p. 1033.) "[I]n most cases, 'if the trial court finds that dismissal of an enhancement would endanger public safety, then it is hard to see how dismissal would further the interests of justice,' notwithstanding the applicability of any mitigating factors identified in [Penal Code section 1385,] subdivision (c)(2)." (*Ibid.*)

Here the trial court declined to strike the enhancement because it found that dismissing the enhancement "is not in the interest of justice" and that defendant's "criminal history and the facts and circumstances surrounding this case demonstrate that [he] presents as a significant danger to public safety." These findings justify the trial court's decision, "notwithstanding the applicability of any mitigating factors identified in [Penal Code section 1385,] subdivision (c)(2)." Accordingly, we reject this contention as well.

### IV

### *Section 654*

Finally, defendant contends the trial court erred by not staying the sentence for one of the counts of assault with a semiautomatic firearm under section 654. Specifically, defendant contends he had a single objective for both assaults, "to vent his anger at six months of repeated baiting and taunting by the victim."

"Section 654 precludes multiple punishments for a single act or indivisible course of conduct." (*People v. Hester* (2000) 22 Cal.4th 290, 294.) A course of conduct is indivisible "where the defendant ' "harbored a single intent." ' " (*People v. Mesa* (2012) 54 Cal.4th 191, 199.) However, "a course of conduct divisible in time, although directed to one objective, may give rise to multiple violations and punishment." (*People v.*

7

*Beamon* (1973) 8 Cal.3d 625, 639, fn. 11.) "This is particularly so where the offenses are temporally separated in such a way as to afford the defendant opportunity to reflect and to renew his or her intent before committing the next one, thereby aggravating the violation of public security or policy already undertaken." (*People v. Gaio* (2000) 81 Cal.App.4th 919, 935; *People v. Kwok* (1998) 63 Cal.App.4th 1236, 1255.)

The law gives the trial court "broad latitude" in determining "whether section 654 is factually applicable to a given series of offenses." (*People v. DeVaughn* (2014) 227 Cal.App.4th 1092, 1113.) We review the trial court's findings for substantial evidence " 'in a light most favorable to the judgment,' " meaning we " 'presume in support of the court's conclusion the existence of every fact the trier of fact could reasonably deduce from the evidence.' " (*People v. Andra* (2007) 156 Cal.App.4th 638, 640-641.) "This standard of review is exceedingly deferential." (*People v. Venegas* (2020) 44 Cal.App.5th 32, 38.)

Here, the evidence shows defendant first fired at the victim while driving down the road. The victim then drove into a parking lot and defendant drove down the road, leading the victim to think defendant was gone. Defendant then went to a friend's house to drop off an ice chest. When the victim began to drive home, defendant returned, blocked the victim from leaving, got out of his truck, and fired at the victim again. This is substantial evidence that the two shootings were "temporally separated in such a way as to afford the defendant opportunity to reflect and to renew his or her intent before committing the next one, thereby aggravating the violation of public security or policy already undertaken." (*People v. Gaio*, *supra*, 81 Cal.App.4th at p. 935.) Accordingly, defendant has failed to establish that the trial court erred by executing the sentences for both counts of assault.

DISPOSITION

The judgment is affirmed.

/s/

Duarte, J.

We concur:

/s/

Hull, Acting P. J.

/s/

Wiseman, J.\*

---

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.